IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBBIE RIVERA,

      **Plaintiff,**

vs.                                       No. CIV 05-1049 RB/ACT

SMITH'S FOOD AND DRUG CENTERS,
BRIAN VAN KLAVERN, and JENNY LEE,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's ("Rivera's") Motion to Remand to State Court (Doc. 5), filed on October 31, 2005. Having reviewed the submissions of the parties and the relevant law, the Court finds that the case should not be remanded, that Van Klavern and Lee should be dismissed as fraudulently joined, and that Counts 3, 4, and 5 of the Amended Complaint should be dismissed without prejudice.

**I.    Background.**

On August 31, 2005, Rivera filed a Complaint for Damages from Sexual Harassment and Retaliation in the Second Judicial District, County of Bernalillo, State of New Mexico. Rivera alleged that she was employed as a cashier by Defendant Smith's Food and Drug Centers, Inc. ("Smith") for twenty years when her supervisor, Defendant Brian Van Klavern ("Van Klavern"), sexually harassed her. On December 17, 2004, Rivera reported the harassment to Defendant Jenny Lee ("Lee"), Smith Human Resources Manager. On December 28, 2004, Van Klavern and Lee accused Rivera of misrepresenting the price of a juice drink on several occasions in order to receive an invalid discount.

On January 4, 2005, Smith terminated Rivera's employment.

Rivera filed a charge of discrimination and retaliation with the New Mexico Human Rights Division and the EEOC. After receiving her right to sue letter, Rivera filed her Complaint in state court, alleging (1) sexual harassment discrimination against Smith and Van Klavern in violation of the New Mexico Human Rights Act, NMSA 1978, §28-1-7 *et seq.* ("NMHRA"); (2) NMHRA retaliation against Smith, Van Klavern, and Lee under the NMHRA; and (3) retaliatory discharge against Smith.

On September 30, 2005, Smith removed the case to this court pursuant to 28 U.S.C. §§1441(b) and 1446(a), asserting jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Ms. Rivera is a citizen of New Mexico. Smith is an Ohio corporation with its principal place of business in Utah. Van Klavern and Lee are New Mexico citizens. Smith asserted that diversity jurisdiction existed because Van Klavern and Lee were fraudulently joined and that the amount in controversy exceeded $75,000. Van Klavern and Lee consented to removal.

On October 31, 2005, Rivera moved to remand, arguing that diversity of citizenship does not exist because Van Klavern and Lee were not fraudulently joined. Rivera does not dispute that the amount in controversy exceeds the jurisdictional prerequisite.

On December 22, 2005, Rivera filed an Amended Complaint by stipulated Order. In the Amended Complaint, Rivera alleged (1) NMHRA sexual harassment discrimination against Smith and Van Klavern ("Count 1"); (2) NMHRA retaliation against Smith, Van Klavern and Lee ("Count 2"); (3) negligent supervision against Smith ("Count 3"); (4) intentional infliction of emotional distress against Smith, Van Klavern, and Lee ("Count 4"); and (5) intentional interference with contractual relations against Van Klavern and Lee ("Count 5").

On January 4, 2006, Defendants' unopposed motion to supplement briefing was granted. In their supplemental brief, Defendants argued that, because Rivera's employment was subject to a collective bargaining agreement ("CBA"), Counts 3, 4, and 5 were completely preempted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and that the Court should exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1967. Rivera countered that the state tort claims were not preempted and that the case should be remanded to state court.

**II.     Standard.**

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003). When a party challenges the underlying facts of the alleged subject matter jurisdiction, the court may consider evidence outside of the complaint to determine whether subject matter jurisdiction exists. *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002).

**III.    Discussion.**

    **A. Whether diversity jurisdiction exists.**

Smith removed the original Complaint based upon diversity jurisdiction. In order to establish diversity jurisdiction, a party must show that the amount in controversy exceeds the sum or value of

3

$75,000 and that the action involves citizens of different states. *See* 28 U.S.C. § 1332(a). Since its enactment, the Supreme Court has interpreted the diversity statute to require "complete diversity" of citizenship. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) (overruled on other grounds)). As interpreted, the statute provides federal district courts with original diversity jurisdiction of cases "only if there is no plaintiff and no defendant who are citizens of the same State." *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000). In that Rivera, Van Klavern, and Lee are all citizens of New Mexico, it would appear that complete diversity does not exist.

Smith seeks to overcome this obstacle by arguing that Van Klavern and Lee were fraudulently joined. "Fraudulent joinder is a term of art, it does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1157 (D. Kan. 2004) (citations omitted). Thus, the integrity of Rivera and her counsel are not at issue; the question is whether there was fraudulent joinder as that term has been interpreted by the case law.

"The case law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indemnity*, 211 F.3d 1278 (table), 2000 WL 525592, * 2 (10th Cir. 2000) (unpublished decision).[1] The standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6). *Id.* The diverse defendant must prove "that there is no possibility that [plaintiff] would be

---

[1] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." Because the *Montano* unpublished decision meets both these criteria, the rules allow citation to it.

able to establish a cause of action against [the joined party] in state court." *Montano*, 2000 WL 525592, *4-5. In evaluating a claim of fraudulent joinder, the court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). The Court must then determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Id.*

In her original Complaint, Rivera sued Van Klavern and Lee for discrimination and retaliation in violation of the NMHRA. The NMHRA was enacted to eliminate unlawful discriminatory and retaliatory practices "and to create a comprehensive administrative process to facilitate the adjudication of claims of discrimination." *Gandy v. Wal-Mart Stores, Inc.*, 117 N.M. 441, 442, 872 P.2d 859, 860 (1994). The NMHRA mandates that the plaintiff exhaust administrative remedies as a prerequisite to filing a lawsuit in court. *Mitchell-Carr v. McLendon*, 127 N.M. 282, 286, 980 P.2d 65, 69 (1999). The exhaustion requirement aims "to achieve a satisfactory adjustment of the complaint through persuasion and conciliation." NMSA 1978, § 28-1-10(C).

Consistent with this requirement, a plaintiff may not sue an individual defendant under the NMHRA unless she has exhausted administrative remedies against that individual. *Sonntag v. Shaw*, 130 N.M. 238, 243, 22 P.3d 1188, 1193 (2001); *Mitchell-Carr*, 127 N.M. at 286, 980 P.2d 69; *Luboyeski v. Hill*, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994). The administrative procedure established in the NMHRA requires that the complainant file a written charge with the agency which "shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required" by the agency. NMSA (1978) § 28-1-10(A). Where a complainant names only a corporation as a

respondent in administrative proceedings, and fails to name an individual personally as a respondent, the complainant fails to exhaust administrative remedies as to that individual. *Sonntag*, 130 N.M. at 242-43; 22 P.3d at 1192-93.

Rivera does not dispute that she neglected to name Van Klavern and Lee in her charge of discrimination; she asserts that she amended her charge to include them. On January 4, 2005, Rivera submitted a pro se Charge of Discrimination to the EEOC that named only one respondent, Smith, as the party that discriminated against her. In the body of the charge, she stated that the "Store Director" and the "Personnel Manager" were responsible for the alleged discrimination and retaliation, but did not name Van Klavern and Lee as respondents. On January 11, 2005, Rivera submitted a letter through counsel to the EEOC, requesting that the charge be amended to assert a claim of sexual harassment against Van Klavern and a claim of retaliation against Van Klavern and Lee.

The rules of the New Mexico Human Rights Division allow for amendment of an administrative charge ". . . at any time prior to the director making a determination," NMAC, 9.1.1.8(A)(1), but at no time did Rivera actually file an amendment. Following the submission of the January 11, 2005 letter, correspondence between the parties and the EEOC establish that Smith was the only respondent in the administrative proceedings. Rivera has submitted no documentation indicating that the EEOC took any action pursuant to the letter.

The NMHRA requires the agency to investigate the charge. If probable cause exists for the complaint, the agency "shall attempt to achieve a satisfactory adjustment of the complaint through persuasion and conciliation." NMSA (1978) § 28-1-10(A). If conciliation fails, the agency issues a complaint and requires the respondent to answer to allegations of the complaint at a hearing before

the agency or a hearing officer. NMSA (1978) § 28-1-10(F). The respondent may appear at the hearing, give testimony and be represented by counsel. NMSA (1978) § 28-1-11(A). Van Klavern and Lee were not treated as respondents. They were not afforded due process or involved in conciliation as respondents. Rivera has submitted no evidence that an administrative claim was adjudicated with respect to Van Klavern and Lee.

New Mexico law "requires full compliance with the NMHRA grievance procedures as a prerequisite to filing a claim in district court." *Mitchell-Carr*, 127 N.M. at 286, 980 P.2d at 69. In *Blea v. D.W.B.H., Inc., et al.*, CIV 00-0680 LFG/LCS (Sept. 12, 2000), the Honorable Lorenzo F. Garcia, United States Magistrate Judge, addressed a situation where the plaintiff had attempted to amend her charge of discrimination to include individuals as respondents after the time for filing a charge had expired. *Id.* Judge Garcia observed the parties should have been aware that the individuals unnamed in the charge would not be proper parties to any suit arising from the charge and that the potential liability of those unnamed individuals could not be factored into the conciliation process. *Id.* Judge Garcia concluded that ". . . New Mexico's comprehensive administrative scheme cannot function effectively unless all concerned are fully aware of the potential liability of each party . . ." *Id.* at 10. I find Judge Garcia's reasoning in *Blea* to be persuasive, although I recognize that his reasoning is not binding herein.

*Blea* differed from the instant case in that, in *Blea*, the time limit for filing an administrative charge had expired before the complainant sought to amend her administrative charge. In contrast, Rivera sought to amend her administrative charge before the time limit for filing an administrative charge expired. However, this difference is immaterial in light of the EEOC's apparent lack of acknowledgment of, or action related to, Rivera's request and the policy underlying the exhaustion

requirement. Nothing in the record indicates that the EEOC granted Rivera's request to amend the charge. Subsequent correspondence between the EEOC and counsel confirm that Smith was the only respondent.

*Blea* and the instant case are materially similar in that both requests to amend were ineffective. Like the individuals in *Blea*, Van Klavern and Lee were not parties to the administrative process because they were not named in the administrative charge. Consistent with Judge Garcia's reasoning in *Blea*, I find that New Mexico law would not recognize NMHRA claims against Van Klavern and Lee because they were never, in any sense, parties to the administrative proceedings.

Having resolved all disputed questions of fact and all ambiguities in the controlling law in favor of Rivera, I find that there is no possibility that she would be able to establish a claim under the NMHRA against Van Klavern or Lee. These defendants were fraudulently joined in the original Complaint. Because complete diversity of citizenship existed between Rivera and Smith, diversity jurisdiction existed at the time of removal.

      **B.**      **Whether the state tort claims are preempted by § 301 of the Labor Management Relations Act ("LMRA").**

Smith argues that the state tort claims in the Amended Complaint are preempted by § 301. In addition to the NMHRA claims (Counts 1 and 2),[2] the Amended Complaint alleged negligent supervision (Count 3), intentional infliction of emotional distress (Count 4), and intentional interference with contractual relations (Count 5). In their supplemental brief, Defendants assert an alternative theory for federal subject matter jurisdiction; namely, that Counts 3, 4, and 5 are

---

[2]As more fully discussed in Subsection III(A) herein, the NMHRA claims against Van Klavern and Lee (Counts 1 and 2) are barred for failure to exhaust administrative remedies. The NMHRA counts, as to Smith, remain.

8

preempted by §301 of the LMRA, 29 U.S.C. §185. If the claims are preempted, the LMRA would provide federal question jurisdiction over the LMRA claims and could provide supplemental jurisdiction over the NMHRA claims. *See* 28 U.S.C. §§ 1331 and 1367.

Although the Amended Complaint raises only state law claims, Smith asserts federal question jurisdiction under the complete preemption doctrine. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the complete preemption doctrine, federal courts may exercise federal question jurisdiction over complaints that present state law claims that are preempted by federal law. *Williams*, 482 U.S. at 393. Smith contends that the three state tort claims are completely preempted by § 301 of the LMRA.

Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U. S. C. § 185(a).

The Supreme Court has made clear that the preemptive effect of § 301 is not limited to state claims alleging violations of labor contracts, but can include tort claims relating to what the parties to a labor agreement agreed and any legal consequences that were intended to flow from a breach of that agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). A state law claim is preempted by § 301 when its resolution depends upon the meaning of the CBA, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988), or when resolution of the state law claim is "inextricably intertwined" with the terms of the CBA. *Allis-Chalmers*, 471 U.S. at 213; *Garley v.*

*Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir. 2001).

Section 301 does not preempt nonnegotiable rights conferred on individual employees as a matter of state law. *Lividas v. Bradshaw*, 512 U.S. 107, 123 (1994). When evaluating whether a retaliation claim is preempted, the court "must draw an important distinction between [the employer's] contractual rights to take the actions it did and the motivations behind them." *Mowry v. United Parcel Service*, 415 F.3d 1149, 1156 (10th Cir. 2005). "So long as the state law cause of action is concerned not with the employer's contractual right to discharge the employee, but rather with its motives in exercising that right, the CBA is not relevant and preemption does not apply." *Id*. (quoting *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1427 (10th Cir. 1993)).

Defendants do not argue that the NMHRA claims (Counts 1 and 2) are preempted by § 301. However, the Court finds it prudent to discuss these claims. Rivera alleges that she was sexually harassed and retaliated against in violation of the NMHRA. If Rivera is able to meet all the elements necessary to sustain a claim for sexual harassment or retaliation, she would prevail under the NMHRA against Smith irrespective of the terms of the CBA. *See Lingle*, 486 U.S. at 412; *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 (10th Cir. 1995). The fact that the CBA may have covered sexual harassment does not negate or alter Rivera's rights that arise under state law. *See Karnes*, 335 F.3d at 1194 (holding that a claim brought for violation of Oklahoma's Drug Testing Act was independent of a CBA that covered employee drug testing). The NMHRA claims against Smith are not preempted by §301.

In Count 3, Rivera alleges negligent supervision against Smith for failing to exercise supervisory control over Van Klavern to prevent him from sexually harassing Rivera, retaliating against her, tortiously interfering with her contact and causing severe emotional distress. "The proper

10

standard for determining whether an employer should be held liable for negligent supervision . . . of an employee [is] . . . whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position." *Ocana v. American Furniture Co.*, 135 N.M. 539, 554 91 P.3d 58, 73 (2004).

Any duty to effectively train and supervise managers, or breach of such duty, is inextricably intertwined with the issue of discipline. *See Alvarez v. United Parcel Service Co.*, 398 F. Supp. 2d 543, 553-54 (N. D. Tex. 2005); *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1053 (N. D. Cal. 2005). In determining whether Smith knew or reasonably should have known that some harm might be caused by the acts or omissions of Van Klavern, it would be necessary to consider the requirements imposed by the CBA. Consequently, Count 3 is preempted by § 301 of the LMRA.

In Count 4, Rivera alleges intentional infliction of emotional distress against Smith, Van Klavern, and Lee. In order to prove intentional infliction of emotional distress, Rivera must prove, inter alia, that "the conduct in question was extreme and outrageous." *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc.,* 131 N.M. 607, 616, 41 P.3d 333, 342 (2001).

The Tenth Circuit has held, in several instances, that an employee's outrageous conduct claim is preempted by § 301 because "the outrageousness of [the] supervisor's conduct could not be evaluated without resort to the collective bargaining agreement." *Mowry v. United Parcel Service*, 415 F.3d 1149, 1157 (10th Cir. 2005); *see also Steinbach v. Dillon Companies, Inc*., 253 F.3d 538, 541 (10th Cir. 2001); *Garley*, 236 F.3d at 1214; *Johnson v. Beatrice Foods Co.*, 921 F.2d 1015, 1019-20 (10th Cir. 1990). The determination of whether Defendants' conduct in terminating Rivera was outrageous requires construction of the parties' rights and obligations under the CBA. Thus, Count 4 is preempted by § 301.

In Count 5, Rivera alleges intentional interference with contractual relations against Van Klavern and Lee. In order to establish this cause of action, Rivera must prove that (1) Van Klavern and Lee had knowledge of the contract between Rivera and Smith, (2) performance of the contract was refused, (3) Van Klavern and Lee played an active and substantial part in causing Rivera to lose the benefits of the contract, (4) damages flowed from the breached contract, and (5) Van Klavern and Lee induced the breach without justification or privilege to do so. *Ettenson v. Burke*, 130 N.M. 67, 73, 17 P.3d 440, 446 (Ct. App. 2001).

The CBA represents the contract between Rivera and Smith. *Steinbach*, 253 F.3d at 540 (noting that CBA is intended to forge an exclusive contract controlling all aspects of the employer-employee relationship). A determination of whether Van Klavern and Lee were justified in instituting disciplinary proceedings requires an evaluation of their authority under the CBA and thus inevitably requires consideration of the CBA. *See Steinbach*, 253 F.3d at 541 (whether store manager was justified in instituting disciplinary proceedings required evaluation of authority under CBA); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 530 (10th Cir. 1992) (holding that an employer conducting an internal investigation suspecting theft by the employee will inevitably require an analysis of what the CBA permitted). Because Rivera's intentional interference with contractual relations claim requires consideration of the CBA, Count 5 is preempted by § 301.

Dismissal without prejudice is the appropriate disposition for preempted claims where the complaint does not properly plead any claims under the LMRA. *See Allis-Chalmers Corp.*, 471 U.S. at 220-221; *Garley*, 236 F.3d at 1215. The Amended Complaint asserts no claims under the LMRA. Thus, Counts 3, 4, and 5 will be dismissed without prejudice.

Diversity jurisdiction exists with respect to Counts 1 and 2, which are NMHRA claims against

Smiths. In addition to diversity jurisdiction, the Court has supplemental jurisdiction over Counts 1 and 2 because they are so related to the federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 5), filed on October 31, 2005, is **DENIED.**

**IT IS FURTHER ORDERED** that Van Klavern and Lee are dismissed from Counts 1 and 2 as fraudulently joined parties.

**IT IS FURTHER ORDERED** that Counts 3, 4, and 5 are dismissed without prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**