IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEBBIE RIVERA,**

    **Plaintiff,**

vs.                                                                                                  No. CIV 05-1049 RB/ACT

**SMITH'S FOOD AND DRUG CENTERS,**
**BRIAN VAN KLAVERN, and JENNY LEE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's ("Rivera's") Motion to Amend Complaint to Add Title VII Claim (Doc. 33), filed on March 6, 2006. Having reviewed the submissions of the parties and the relevant law, the Court finds that this motion should be granted with respect to the request to add Title VII as a basis for recovery for the discrimination and retaliation claims, and denied with respect to the claims against the individual defendants and the state-law tort claims.

**I.     Background.**

On August 31, 2005, Rivera filed a Complaint for Damages from Sexual Harassment and Retaliation in the Second Judicial District, County of Bernalillo, State of New Mexico. Rivera alleged that she was employed as a cashier by Defendant Smith's Food and Drug Centers, Inc. ("Smith") for twenty years when her supervisor, Defendant Brian Van Klavern ("Van Klavern"), sexually harassed her. On December 17, 2004, Rivera reported the harassment to Defendant Jenny Lee ("Lee"), Smith Human Resources Manager. On December 28, 2004, Van Klavern and Lee accused Rivera of

misrepresenting the price of a juice drink on several occasions in order to receive an invalid discount. On January 4, 2005, Smith terminated Rivera's employment.

Rivera filed a charge of discrimination and retaliation with the New Mexico Human Rights Division and the EEOC.  After receiving her right to sue letter, Rivera filed her Complaint in state court, alleging (1) sexual harassment discrimination against Smith and Van Klavern in violation of the New Mexico Human Rights Act, NMSA 1978, §28-1-7 *et seq.* ("NMHRA"); (2) NMHRA retaliation against Smith, Van Klavern, and Lee under the NMHRA; and (3) retaliatory discharge against Smith.

On September 30, 2005, Smith removed the case to this court pursuant to 28 U.S.C. §§1441(b) and 1446(a), asserting jurisdiction based upon diversity of citizenship.  *See* 28 U.S.C. § 1332.  Ms. Rivera is a citizen of New Mexico.  Smith is an Ohio corporation with its principal place of business in Utah.  Van Klavern and Lee are New Mexico citizens.  Smith asserted that diversity jurisdiction existed because Van Klavern and Lee were fraudulently joined and that the amount in controversy exceeded $75,000.  Van Klavern and Lee consented to removal.

On October 31, 2005, Rivera moved to remand, arguing that diversity of citizenship does not exist because Van Klavern and Lee were not fraudulently joined.  Rivera does not dispute that the amount in controversy exceeds the jurisdictional prerequisite.

On December 22, 2005, Rivera filed an Amended Complaint by stipulated Order.  In the Amended Complaint, Rivera alleged (1) NMHRA sexual harassment discrimination against Smith and Van Klavern ("Count 1"); (2) NMHRA retaliation against Smith, Van Klavern and Lee ("Count 2"); (3) negligent supervision against Smith ("Count 3"); (4) intentional infliction of emotional distress against Smith, Van Klavern, and Lee ("Count 4"); and (5) intentional interference with contractual

relations against Van Klavern and Lee ("Count 5").

On January 4, 2006, Defendants' unopposed motion to supplement briefing was granted. In their supplemental brief, Defendants argued that, because Rivera's employment was subject to a collective bargaining agreement ("CBA"), Counts 3, 4, and 5 were completely preempted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and that the Court should exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1967. Rivera countered that the state tort claims were not preempted and that the case should be remanded to state court.

On February 16, 2006, the Court determined that Van Klavern and Lee were fraudulently joined, diversity jurisdiction existed at the time of removal, and that Counts 3, 4, and 5 were preempted by §301 of the LMRA, 29 U.S.C. §185. Thus, the motion to remand was denied, Van Klavern and Lee were dismissed from Counts 1 and 2 as fraudulently joined parties, and Counts 3, 4, and 5 were dismissed without prejudice.

In her motion to amend complaint and memorandum in support thereof, Rivera states that she seeks to include Title VII as a basis for recovery for her NMHRA discrimination and retaliation claims. However, in the proposed second amended complaint, Rivera alleges (1) NMHRA and Title VII sexual harassment discrimination against Smith and Van Klavern ("Count 1"); (2) NMHRA and Title VII retaliation against Smith, Van Klavern, and Lee ("Count 2"); (3) negligent supervision against Smith ("Count 3"); (4) intentional infliction of emotional distress against Smith, Van Klavern, and Lee ("Count 4"); and (5) intentional interference with contractual relations against Van Klavern and Lee ("Count 5").

## II. Discussion.

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962).

A proposed amendment is futile if it would be subject to dismissal for any reason, including lack of jurisdiction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006). In ruling on the motion to remand, the Court determined that Van Klavern and Lee were fraudulently joined and that Counts 3, 4, and 5 were preempted by the LMRA. Because the claims against Van Klavern and Lee and Counts 3, 4, and 5 would be subject to dismissal, amendment to add them would be futile. Thus, the motion to amend is denied with respect to these claims.

The motion to amend to include Title VII as a basis for recovery for the discrimination and retaliation claims is not futile. Such an amendment would relate back to the date of the original complaint because the Title VII claims arose out of the conduct, transaction, or occurrence set forth in the original complaint. *See* FED. R. CIV. P. 15(c)(2).

Smith opposes the amendment to add Title VII as a basis for recovery on the grounds that the motion to amend is untimely, brought in bad faith with a dilatory motive, and undue prejudice. These arguments are not well-taken.

The well-pleaded complaint rule makes "'plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Nicodemus v. Union Pacific Corp.*, 440 F.3d

1227, 1232 (10th Cir. 2006) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In her original complaint, Rivera chose to allege only state-law claims under the NMHRA. After the case was removed, she filed a motion to remand and filed a first amended complaint that added state-law tort claims. Obviously, Rivera preferred to have this matter heard in state court. She was entitled to argue for her preferred forum.

Rivera moved to amend to include Title VII as a basis for recovery approximately two weeks after she learned that the case would remain in federal court. If Rivera had amended her complaint to include Title VII as a basis for recovery before the Court ruled on her motion to remand, the jurisdictional issue would have been rendered moot because federal question jurisdiction would have existed. Rivera's attempt to protect her choice of forum does not imply a dilatory motive.

Smith is not unduly prejudiced because New Mexico law looks to federal civil rights law for guidance in interpreting the NMHRA. *See Ocana v. American Furniture Co.*, 135 N.M. 539, 549, 91 P.3d 58, 68 (2004). Furthermore, the language of the NMHRA tracks the language of Title VII. *See Nava v. City of Santa Fe*, 136 N.M. 647, 649, 103 P.3d 571, 573 (2004). Smith has been on notice of the discrimination and retaliation claims since Rivera filed her administrative charge. Thus, amendment to include Title VII as a basis for recovery for the discrimination and retaliation claims would not unduly prejudice Smith.

The motion to amend to include Title VII as a basis for recovery is not untimely or brought in bad faith. The record indicates that Rivera did not act with a dilatory motive and Smith will not be unduly prejudiced. The amendment to include Title VII as a basis for recovery is not futile and the amendment relates back to the date of the original complaint. Under these circumstances, the motion to amend should be granted with respect to the request to include Title VII as a basis for

recovery for the discrimination and retaliation claims.

**WHEREFORE,**

**IT IS ORDERED** that the motion to amend the complaint to include Title VII as a basis for recovery is granted.

**IT IS FURTHER ORDERED** that the motion to amend the complaint to allege claims against the individual defendants and state-law tort claims is denied.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**