IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DEBBIE RIVERA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **No. CIV 05-1049 RB/ACT** |
| | ) |
| **SMITH'S FOOD & DRUG CENTERS,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Review of the Clerk's Order Settling Costs for Attorneys' Fees (Doc. 178), filed July 3, 2007, as well as this Court's sua sponte request for additional briefing regarding the propriety of granting expenses disallowed by the Clerk, as attorneys' fees pursuant to 42 U.S.C. § 1988. (Mem. Op. & Order [Doc. 177] 12.) Plaintiff seeks an award of "the costs that the Clerk disallowed." (Pl.'s Mot. for Review [Doc. 178] 1.) Having reviewed the parties' motion papers, relevant authority, and being otherwise advised, I hereby **grant** Plaintiff's motion to the extent stated herein.

**I.    Background.**

The facts are familiar to the parties and need not be recounted comprehensively. For present purposes, it is sufficient to note that:

> Ms. Rivera worked for [Defendant Smith's Food & Drug Centers ("Smith") in Albuquerque, New Mexico] . . . from 1984 until she was terminated on January 4, 2005. . . . Ms. Rivera alleges that the store manager, Brian Van Klaveren, sexually harassed her. On December 17, 2004, Ms. Rivera reported the harassment to Jenny Lee, Smith's regional human resources manager. On January 4, 2005, Smith terminated Ms. Rivera, ostensibly for misrepresenting the price of an Odwalla juice

> drink on two occasions. Ms. Rivera filed suit in state court asserting state-law claims against Smith, Mr. Van Klaveren, and Ms. Lee. Defendants removed the matter to this Court based on diversity jurisdiction.

(Mem. Op. & Order [Doc. 81] 1-2.) Ultimately, on March 2, 2007, a petit jury returned a verdict in Plaintiff's favor on her retaliation claim. (Jury Verdict 2; Judgment 1.) The jury trial was held in Las Cruces, New Mexico. The parties and their respective attorneys are from the Albuquerque, New Mexico area.

The Clerk granted in part Plaintiff's Motion to Tax Costs (Doc. 150), filed April 5, 2007, but disallowed $12,100.90 in requested costs. (Clerk's Order [Doc. 175].) This Court granted Plaintiff's Motion for Attorney's Fees (Doc. 151), filed April 5, 2007, to the extent it sought attorney's fees. (Mem. Op. & Order [doc. 177] 11-12.) The Court declined to rule on Plaintiff's request that any costs denied by the Clerk be granted under 42 U.S.C. § 1988; additional briefing on the issue was ordered.

As noted above, Plaintiff's Motion for Review constitutes: (1) a response to the Court's requested briefing; and (2) an appeal to the Clerk's Order (Doc. 175) to the extent it declined to award requested costs. (Pl.'s Mot. for Review [Doc. 178] 1.) Defendant filed only a brief response to Plaintiff's motion. It states in full that:

> [Defendant] does not specifically dispute Plaintiff's Motion for Review of the Clerk's Order Settling Costs. To the extent the Plaintiff has met her factual and legal burden to show entitlement to such costs and expenses, the Court should, within its discretion, grant Plaintiff's Motion

(Def.'s Resp. [Doc. 181] 1.)

Plaintiff's motion seeks an award of $12,100.90, plus post-judgment interest, in costs or expenses. *See* 28 U.S.C. § 1961. Specifically, Plaintiff's requests recovery of the following items:

2

| **Requested Expenses** | |
|---|---|
| Deposition costs for B. Chan, J. Corns, T. Rivera, and R. Becher | $1,139.29 |
| Computerized legal research | $1,470.92 |
| Expert witness fee: Dr. McFarland | $970.00 |
| Expert witness fee: Dr. Vander Meer | $1,219.81 |
| Travel expenses | $1,474.54 |
| Mediation fee | $978.07 |
| Focus group | $3,500.00 |
| Miscellaneous fees | $1,348.27 |
| *In-town meal* *$55.24* | |
| *Parking* *$13.00* | |
| *Courier services* *$7.95* | |
| *Jury consulting fees* *$1,272.08* | |
| **Total:** | **$12,100.90** |

## II. Discussion.

The Court of Appeals for the Tenth Circuit has explained that prevailing civil rights plaintiffs are ordinarily entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988:

> The Civil Rights Attorney's Fees Awards Act allows a prevailing party in a civil rights case . . . to seek reimbursement for his attorney's fees, to the extent the fees are reasonable. Although the power to award such fees is discretionary, that discretion is narrow once a civil rights plaintiff demonstrates that he is a "prevailing party." The implication of our cases is that when a plaintiff prevails in a civil rights suit, the plaintiff ordinarily should not have his vindication of these rights eviscerated by an obligation to pay his attorney's reasonable fees.[1]

---

[1] Both § 1988 and Title VII's attorney-fee provision - 42 U.S.C. § 2000e-5(k) - apply here. Notably, given their nearly identical text and similar purposes, the Court of Appeals for the Tenth Circuit construes these provisions "interchangeabl[y]." *See Browder v. City of Moab*, 427 F.3d 717, 720 (10th Cir. 2005) (citations omitted).

*Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998) (citations omitted).  Additionally, expenses that are ordinarily "itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount."  *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) (qualified costs may be included in § 1988 attorney-fee award because they are "incidental and necessary" to "furnishing effective and competent representation" (internal quotation marks and citation omitted)), *overruled on other grounds Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987).  Expenses may, therefore, be allowable under § 1988 if they are reasonable "out-of-pocket costs not normally absorbed as part of law firm overhead."  *See id.*; *accord Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award . . . ."); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986) (same).

For "items not reimbursable as attorney's fees under § 1988, the general costs statute, 28 U.S.C. § 1920, is controlling."  *Case*, 157 F.3d at 1258 (internal quotation marks and citation omitted).  Section 1920 "defines the term 'costs' as used in [Fed. R. Civ. P.] Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).  Rule 54(d) states, in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .  Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1).  Though this Court is free to override the Clerk's Order because "the taxing of costs pursuant to [Fed. R. Civ. P.] 54(d)(1) rests in the sound judicial discretion of the trial court," *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002), this discretion is limited: "it is

4

solely a power to decline to tax, as costs, the items enumerated in § 1920." *Crawford Fitting Co.*, 482 U.S. at 442 (rejecting the notion that Rule 54(d) "is a separate source of power to tax costs [beyond those set forth in § 1920]").

Section 1920, therefore, defines the "expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Id*. In relevant part, these costs include:

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> . . . .
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2)-(4), (6). Whether a requested cost should be taxed, therefore, generally "turns on whether or not the costs are for materials necessarily obtained for use in the case." *Crawford Fitting Co.*, 482 U.S. at 442 (internal quotation marks and citation omitted); *see also* D.N.M.LR-Civ. 4.2(b)(2).

Notably, under both § 1988 and § 1920, Plaintiff bears the burden of establishing "the amount of compensable costs and expenses to which [she] is entitled and assumes the risk of failing to meet that burden." *Allison*, 298 F.3d at 1248-49; *Case*, 157 F.3d at 1257-58. The costs that Plaintiff requested the Clerk to tax, but that were disallowed, and which Plaintiff now asks this Court to award are addressed, individually, below.

### A. Deposition costs for B. Chan, J. Corns, T. Rivera, and R. Becher.

The Clerk correctly denied the costs of the referenced depositions pursuant, to Local Rule 54, because none of them were: (1) "admitted into evidence or used at trial for impeachment

purposes;"; or (2) used by the Court in ruling on a motion for summary judgment."[2] D.N.M.LR-Civ. 4.2(b)(2)(A)-(B). The Court, however, clearly may allow these costs to be awarded - provided it finds them reasonably necessary to the litigation - even though none of the depositions at issue here were apparently used at trial or cited by the Court in denying summary judgment. *See, e.g.*, *Allison*, 289 F.3d at 1249 (recognizing that "a number of courts have allowed such costs where the deposition related to a potential witness" (citations omitted)); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000) ("We measure whether an incurred cost was reasonably necessary under § 1920 "in light of the facts known to the parties at the time the expenses were incurred.").

### 1. Dr. Chan and Dr. Corns.

Both Dr. Chan and Dr. Corns were identified by Plaintiff as potential trial witnesses. (Pretrial Order [Doc. 73] 12.) In her motion, Plaintiff states that: "The depositions of these two treating providers were noticed and taken by Defendant. Plaintiff purchased a copy of the testimony because they were potential trial witnesses." (Pl.'s Mot. 3.) The transcription costs associated with these depositions are allowable because the Court finds that they were "reasonable" or "reasonably necessary" to the litigation. *See* 42 U.S.C. § 1988; 28 U.S.C. § 1920; *see Rodriguez v. Zavaras*, 22 F. Supp. 2d 1196, 1204 (D. Colo. 1998), *cited in Allison*, 289 F.3d at 1249.

### 2. Tony Rivera.

---

[2]Local Rule 54.2(b)(2) provides that a "deposition is reasonably necessary to the litigation when" to the litigation when:
    (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
    (B) the deposition is used by the Court in ruling on a motion for summary judgment; or
    (C) *the Court* so determines.
D.N.M.LR-Civ. 4.2(b)(2) (emphasis added).

Plaintiff identified Mr. Rivera, Plaintiff's husband, as a potential trial witness who would testify to "the impact of the harassment and the termination on [Plaintiff]." (Pretrial Order 11.) In support of her motion, Plaintiff states that "Defendant elected to depose him twice." (Pl.'s Mot. 3-4; Pl.'s Mot. to Tax Costs 3 (depositions taken 5/18/06, 2/07/07.) The fact that Defendant deposed Mr. Rivera twice - the second time just weeks before trial - evidences that the Plaintiff's transcript expenses associated with his depositions were reasonably incurred. Recovery of these expenses will be allowed. *See* 42 U.S.C. § 1988; 28 U.S.C. § 1920.

### 3. Dr. Robert Becher.

Plaintiff explains that:

> Dr. Becher is a mental health provider who conducted an intake with Plaintiff after she was questioned by [Defendant] about the alleged theft. His deposition cost was necessary and incurred because Smith's elected to depose him, despite its knowledge that he had only seen [Plaintiff] once after her termination based on the records obtained from his office.

(Pl.'s Mot. 4.)

Dr. Becher was not identified by either party as a potential trial witness in the Pretrial Order. Nor did either party identify him as a potential witness in the Initial Pretrial Report, filed early in this litigation. (IPRTR [Doc. 24] .) This deposition was apparently taken only for discovery purposes. *See Ramos*, 713 F.2d at 559. Plaintiff's arguments for the necessity of procuring this transcript are unpersuasive; this expense is neither "reasonable," nor "reasonably necessary" to the litigation, and will be denied.[3] *See* 42 U.S.C. § 1988; 28 U.S.C. § 1920.

---

[3] The Court recognizes that, in her Motion to Tax Costs - incorporated by reference in her pending motion - Plaintiff stated that "many of the witnesses' deposition were relied upon by both sides in support of the motion for summary judgment." (Pl. Mot. n.1; Pl.'s Mot. to Tax Costs 4.) A general reference, lacking any specificity or accompanying documentation or citations, does not persuade the Court that the costs attendant to Dr. Becher's deposition are allowable.

B.     **Computerized legal research**.

The Clerk properly disallowed Plaintiff's costs incurred for computerized legal research. *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180 n.10 (10th Cir. 2005) ("computer research expenses are not authorized as a cost in § 1920"). Under § 1988, however, reasonable computerized legal research is allowable and "should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate." *Case*, 157 F.3d at 1257.

Plaintiff submitted itemized billing documentation from LexisNexis and also identified the legal issues researched "for each line item related" to this requested cost. (Pl.'s Mot. 4; *see also* Pl.'s Mot. to Tax Costs 5.) The legal issues raised by this litigation were complex and, undoubtedly, required research through the trial's conclusion. Hence, because the Court finds the quantity of legal research conducted by Plaintiff's counsel reasonable, these expenses will be allowed pursuant to § 1988. *See Case*, 157 F.3d at 1257.

C.     **Expert witness fees.**

Section 1920 does not permit expert witness fees to be taxed as costs "unless ordered by the Court." (Clerk's Order 3 (citing D.N.M.LR-Civ 54.2(c)(2)).) While § 1920(3) permits "[f]ees and disbursements for ... witnesses" to be recovered, "that reference pertains only to the statutory witness fee of $40 per day. *See Carney v. City & County of Denver*, No. 05-cv-00971-REB-PA, 2007 WL 2116368, at *1 (July 19, 2007) (citing 28 U.S.C. § 1821(b), and *Miller v. Cudahy Co.*, 858 F.2d 1449, 1461 (10th Cir.1988)). "In the absence of an explicit statutory authorization, a trial court has no discretion under Fed.R.Civ.P. 54(d) to tax the actual costs of expert witness fees." *Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988), *cited in Brown v. Butler*, 30 F. A'ppx 870, 876 (10th Cir. 2002); *see generally Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*,

8

126 S. Ct. 2455, 2460 (2006) ("[T]he recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem.").

Section 1988, however, permits "an award of expert witness fees in excess of the per diem amounts set forth in 28 U.S.C. § 1821." *Hall v. Claussen*, 6 F. A'ppx 655, 682 (10th Cir. 2001) (construing § 2000e-5(k)); *see supra* note 1 (noting that, in the Tenth Circuit, § 1988 and § 2000e-5(k) are construed interchangeably). Plaintiff underscores that Dr. McFarland and Dr. Vander Meer are "treating physicians" whose testimony aided her case and, specifically, "her recovery of compensatory damages." (Pl.'s Mot. 5.) More specifically, Plaintiff notes that both medical professionals:

> responded to subpoenas for records, appeared for discovery depositions, and testified at trial. Because the trial was . . . [not held in Albuquerque, New Mexico] they both were required to be away from their office and were unable to see any clients on the days they traveled and testified . . . . The rates charged ($95 per hour for non-testifying time out of the office and $200 for one hour of trial testimony time) are based on the providers' regular rates for services and a reasonable fee for trial testimony, and the total fees are reasonable for the testimony and travel time required for trial . . . . neither provider charged a fee for deposition preparation time or for the depositions themselves.

(Pl.'s Mot. 5-6 & n.4.)

This Court agrees that "whether a treating physician should be compensated at a 'fact' witness rate of $40 per day or a 'reasonable' rate for his or her time depends on the substance of such physician's testimony." *Johnson v. Kraft Foods N. Am.*, No. 05-2093-JWL-DJW, 2007 WL 734956, at *2 (D. Kan. Mar. 7, 2007); *Wirtz v. Kan. Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1210-13 (D. Kan. Feb. 8, 2005) (same). *See also* Fed. R. Civ. P. 26(b)(4)(C) ("Unless manifest injustice would result . . . the party seeking discovery [shall] pay the expert a reasonable fee for time spent in responding to discovery . . . ."). As stated below, the "fees and expenses incurred" by Plaintiff in

9

connection with Dr. McFarland's and Dr. Vander Meer's services are allowable pursuant to § 1988 "in excess of the standard witness fee." *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1180-81 (10th Cir. 2005) ("In employment discrimination actions, a prevailing party may, in the court's discretion, secure a reasonable attorney's fee, including fees expended on experts, under 42 U.S.C. § 2000e-5(k).").

### 1. Dr. McFarland.

Dr. McFarland's fees total $1,219.81.  (Pl.'s Mot. to Tax Costs 8.)  At trial, Dr. McFarland, a clinical psychologist, testified as to his treatment and diagnosis of Plaintiff.  The doctor also described Plaintiff's state of health during the periods he treated her, which were relevant to this lawsuit.  Though Dr. McFarland's testimony pertained mostly to Plaintiff's course of treatment, he also offered his professional medical opinion regarding Plaintiff's mental health and explained the same to the jury.

Because Dr. McFarland gave expert, rather than purely factual, testimony, he is "entitled to a reasonable fee." *Wirtz*, 355 F. Supp. 2d at 1210 n. 81, 1212 (collecting cases that reached the same conclusion); *see also id.* at 1212 n.91 (collecting cases finding that treating physicians are only entitled to 28 U.S.C. § 1821's $40 per diem rate).  The Court finds Dr. McFarland's $95.00 hourly rate for non-testifying "out of office" time devoted to Plaintiff's lawsuit, and $200 hourly rate for testimony time, to be reasonable.  *Cf. id*. (finding $120 per hour fee charged by a social worker, who treated the plaintiff for depression, reasonable for time spent on "travel, court testimony and review of the records").  The doctor's expert witness fees are allowable expenses.

### 2. Dr. Vander Meer.

Dr. Vander Meer's fees total $970.00.  Dr. Vander Meer, clinical nurse specialist and

10

psychotherapist, testified at trial regarding her treatment and diagnosis of Plaintiff. She also detailed Plaintiff's state of health during that period, which was relevant to Plaintiff's case. Though her testimony primarily detailed Plaintiff's treatment, Dr. Vander Meer provided her professional medical opinion regarding the state of Plaintiff's mental health, and explained her diagnosis to the jury.

Dr. Vander Meer charged a $95.00 hourly rate for non-testifying "out of office" time devoted to Plaintiff's lawsuit and a $200 hourly rate for time spent testifying. (Pl.'s Mot. to Tax Costs 7.) Dr. Vander Meer did not give purely factual testimony at trial; as such, she is "entitled to a reasonable fee." *Wirtz*, 355 F. Supp. 2d at 1210 n. 81, 1212. Dr. Vander Meer's expert witness fees are allowable expenses.

### D.    Travel expenses.

The Clerk denied Plaintiff's request for the following travel expenses: (1) $478.38 for Plaintiff's hotel charges incurred during the five-day trial held in Las Cruces, New Mexico; (2) $838.05 for her attorneys' hotel charges during trial; and (3) $158.11 for incurred by Plaintiff and her attorneys for meals during trial. Plaintiff substantiated these expenses by submitting appropriate documentation. (Pl.'s Mot. to Tax Costs (submitting receipts for travel expenses).) This ruling was proper given that, as to the attorneys' expenses, Local Rule 54 does not expressly permit recovery for such items and, as to Plaintiff's expenses, Local Rule 54.2 states that a "party will not receive a witness fee, mileage or allowance for subsistence." D.N.M.LR-Civ. 54.2(c)(1)(D).

The Tenth Circuit has recognized that reasonable travel expenses, which are normally itemized and billed apart from attorney's fees, may be reimbursed pursuant to § 1988. *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000) ("Some expenses, such as travel, may be included in the concept of attorney's fees as incidental and necessary expenses incurred in furnishing effective and competent

11

representation." (internal quotation marks and citation omitted)). Because the attorneys' travel expenses would normally be items billed to a client, the Court finds these items "incidental and necessary expenses" allowable under § 1988.

Regarding Plaintiff's lodging and meals, it is unlikely that these items would be billed to her by her attorneys. Nevertheless, given that these expenses were necessitated by the Court's Las Cruces location, these charges are allowable expenses. *See Robinson*, *Robinson*, 160 F.3d at 1280 (noting that purpose of civil rights statutes would be thwarted if the "vindication of these rights" were "eviscerated" by fees and costs incurred during the litigation). In so finding, the Court underscores that Plaintiff's requested travel expenses are reasonable and thoroughly documented.

### E. Mediation fee.

Though properly denied by the Clerk under Local Rule 54, Plaintiff's share of the mediation fee is recoverable under § 1988. *Juarez v. Elkhorn, Inc.*, No. CIV-00-0447 WJ/WWD (D.N.M. Dec. 16, 2002) (order awarding attorney's fees) (citations omitted). Mediation fees are typically itemized and billed to fee-paying clients. *Id.*; *Frenz v. Quereshi*, No. CV-97-1501-ST, 1999 WL 375584, at *6 (D. Or. Mar. 11, 1999). Because the $978.07 mediation fee at issue here is reasonable, it will be allowed. *See, e.g.*, *Juarez, supra* (awarding, *inter alia*, $950 mediation fee as a "reasonable expense"); *Certain v. Potter*, 330 F. Supp. 2d 576, 591 (M.D.N.C. 2004) (awarding, *inter alia*, $375.00 mediation fee as a "reasonable expense").

### F. Focus group.

As the Clerk noted, Local Rule 54 does not specifically authorize recover for expenses associated with focus groups. In support of her motion, Plaintiff explains that she incurred this expense:

12

>to prepare and conduct a mock jury exercise early in the case. The information obtained for setting strategy for discovery, litigation, settlement, and trial. The exercise enabled Plaintiff to focus her discovery efforts and litigate the case efficiently.

(Pl.'s Mot. 8; Pl.'s Mot. to Tax Costs 9 (exercise conducted in February 2006).) Plaintiff cites *BD v. DeBuono*, 177 F. Supp. 2d 201, 204 (S.D.N.Y. 2001), where $121,927.50 in expenses associated with litigation consults was awarded to prevailing civil rights plaintiffs.

Respectfully, the Court does not find that the focus group expense reasonable for § 1988 purposes. The Court agrees that:

>While "the line between ample preparation and excessive preparation is, at the margin, a fine one," *Charles v. Daley*, 846 F.2d 1057, 1076 (7th Cir.1988), it is not invisible. It may well be that the use of a focus group would enhance, in varying degrees, trial preparedness in any case. But that cannot be the test, or the compensability of expenditures for a focus group would cease to be a matter for a court's discretionary judgment and would instead result in a mandatory rule. No such rule exists.

*O'Sullivan v. City of Chi.*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) (additional citations omitted). But cases like *DeBuono*, where litigation-consulting fees, akin to the focus group used by Plaintiff, are distinguishable. In contrast to those cases, Plaintiff's Title VII claims were relatively straightforward. *Compare O'Sullivan*, 484 F. Supp. 2d at 837 (Title VII litigation with two party plaintiffs) (denying $14,000 in attorney's fees for time billed for focus group), *with DeBuono*, 177 F. Supp. 2d at 204 (litigation involving numerous party plaintiffs - "children diagnosed with autism or pervasive developmental disorder, and their parents" - and party defendants (multiple municipal and state defendants, raising various statutory and constitutional claims) (allowing litigation-consulting fees), *and Confederated Tribes of Siletz Indians v. Weyerhaeuser Co.*, No. CV 00-1693-A, 2003 WL 23715982, at *8-*9 (D. Or. Oct. 27, 2003) (antitrust litigation "with many millions of dollars at stake") (allowing litigation-consulting fees), *vacated on other grounds by Weyerhaeuser Co. v.*

*Ross-Simmons Hardwood Lumber Co., Inc.*, 127 S. Ct. 1069 (2007), *and remanded by Confederated Tribes of Siletz Indians*, 484 F.3d 1086 (9th Cir. 2007). The Court does not believe that a focus group was at all necessary to this lawsuit. Accordingly, given that she was allowed to recover her attorneys' fees associated with the focus group, the Court finds that it would be unreasonable to allow the focus group fees, as well. This expense will not be allowed. *See generally Allison*, 298 F.3d at 1248-49 (prevailing plaintiff "assumes the risk of failing to meet that burden" of establishing the reasonableness of incurred expenses); *Case*, 157 F.3d at 1257-58 (same).

### G. Miscellaneous fees.

The Clerk denied $1,348.27 in fees for meals, parking, courier services, and jury consulting fees, stating that these items "normally a part of law office overhead and therefore recovered through fees." (Clerk's Order 4.) These items are taken up in turn.

#### 1. In-town meal.

Plaintiff states that a $55.24 meal was associated with the private mediation held at defense counsel's Albuquerque offices. She notes that she discussed the litigation with her counsel during this "in-town" meal. Plaintiff and her counsel are based in Albuquerque. As such, this is the type of expense typically billed to fee-paying clients; the expense will, therefore, be allowed. *Case*, 157 F.3d at 1257.

#### 2. Parking.

Plaintiff seeks recovery of $13.00 in parking fees "incidental to depositions held" at defense counsel's offices. (Pl.'s Mot. 9.) This type of out-of-pocket expense is normally billed "in addition to the attorney's hourly rate"; as such, it will be allowed. *See Case*, 157 F.3d at 1257.

#### 3. Courier services.

14

Plaintiff seeks $7.95 for courier services. Like copies and postage charges, delivery charges or this sort are normally separately itemized and billed to fee-paying clients. *See id*. This expense is, therefore, allowable.

### 4. Jury consulting fees.

Lastly, Plaintiff seeks to recover jury-consultant fees. In her motion, Plaintiff explains that:

> Shortly before trial Plaintiff again engaged the services of Southwest Jury Consulting for advice and assistance with trial preparation and jury selection. As [with] . . . the mock trial [i.e., focus group] expenses, these fees are recoverable because they are the type normally billed to clients and they are reasonable for the work performed. Counsel could have performed these functions themselves, and had they done so, they would have been recoverable as attorney fees.

(Pl.'s Mot. 10 (citing *DeBuono*, 177 F. Supp. 2d at 204).) For the same reasons stated above regarding the requested focus-group expenses, the Court does not find that these litigation-consulting fees are reasonable for § 1988 purposes. *See supra* Part II.F. These expenses will not be allowed.

## III. Conclusion.

Thus, the Court rules on Plaintiff's requested items as follows:

| **Requested expense** | | **Requested amount** | **Amount allowed** |
|---|---|---|---|
| Deposition costs for B. Chan, J. Corns, T. Rivera, and R. Becher | | $1,139.29 | $956.96 |
| | *B. Chan, J. Corns* | *$461.80* | *$461.80* |
| | *T. Rivera* | *$495.16* | *$495.16* |
| | *R. Becher* | *$182.33* | *$0* |
| Computerized legal research | | $1,470.92 | $1,470.92 |
| Expert witness fee: Dr. McFarland | | $970.00 | $970.00 |
| Expert witness fee: Dr. Vander Meer | | $1,219.81 | $1,219.81 |

| | | | |
|---|---|---|---|
| Travel expenses | | $1,474.54 | $1,474.54 |
| Mediation fee | | $978.07 | $978.07 |
| Focus group | | $3,500.00 | $0 |
| Miscellaneous fees | | $1,348.27 | $76.19 |
| | *In-town meal* | *$55.24* | *$55.24* |
| | *Parking* | *$13.00* | *$13.00* |
| | *Courier services* | *$7.95* | *$7.95* |
| | *Jury consulting fees* | *$1,272.08* | *$0* |
| **Total:** | | $12,100.90 | **$7,146.49** |

Accordingly, Plaintiff's Motion for Review of the Clerk's Order Settling Costs for Attorneys' Fees (Doc. 178), is **granted** to the extent stated herein. Expenses are awarded in the amount of **$7,146.49**, plus post-judgment interest. *See* 42 U.S.C. § 1988; 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

16