IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DEBBIE RIVERA,** | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| vs. | )     No. CIV 05-1049 RB/ACT |
| | ) |
| **SMITH'S FOOD & DRUG CENTERS,** | ) |
| | ) |
|      **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Supplemental Motion for Attorneys' Fees (Doc. 184), filed on August 20, 2007. Having carefully reviewed relevant authority, the parties' motion papers - including Plaintiff's exhibits and, therein, the affidavit of attorney Repps Stanford - and being otherwise advised, I hereby **grant** Plaintiff's motion.

**I.     Background.**

The facts are familiar to the parties and need not be recounted herein. After a jury returned a verdict in Plaintiff's favor on her retaliation claim, the Court granted Plaintiff attorney fees in the amount of $219,238.03. Herein, Plaintiff requests additional attorney fees incurred in preparing and submitting attorney fees and costs requests. Defendants do not specifically dispute Plaintiff's Supplemental Motion for Attorneys' Fees.

**II.     Discussion.**

"An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1254 (10th Cir. 1998) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197. 1205 (10th Cir.

1986); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988); *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the "prevailing party" in the proceeding; and (2) that the claimant's fee request is "reasonable." *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998) (citations omitted).

> Assessing the reasonableness of a fee request requires this Court to:
>
> begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by [§] 1988.

*Robinson*, 160 F.3d at 1281 (internal quotation marks and citations omitted).

In ruling on Plaintiff's initial fee application, the Court granted Plaintiff's estimated request of fifteen hours expended by attorney Whitney Warner. (Doc. 177.) Plaintiff now seeks an additional 6.2 hours for Whitney Warner at $225 per hour and 66.1 hours for attorney Repps Stanford at $175 per hour, for an additional fee award of $13,853.67.[1]

Defendant does not specifically contest the reasonableness of the supplemental request. Despite Defendant's lack of objection, the Court has reviewed Plaintiff's supplemental time entries and the supporting affidavit of Repps Stanford in detail. The Court believes that, in this case, the requested hours are reasonable for at least two reasons.

First, the Court underscores that litigation on the fee application was extensive. In addition to the fee application, Plaintiff obtained an award of $10,840.22 in costs assessed by the Clerk. (Doc. 175.) Plaintiff sought review of the Clerk's order settling costs (Doc. 178), and obtained an

---

[1] These rates were set by this Court in its Memorandum Opinion and Order of June 28, 2007.

additional $7,146.49 in costs from the Court. Resolution of these motions entailed two Memorandum Opinion and Orders consisting of 26 pages.[2] (Docs. 177 and 183.) Second, the reasonableness of the requested hourly rates is demonstrated by the affidavit of Repps Stanford and the detailed and well-organized time records submitted by Plaintiff. Having considered all relevant factors, the Court finds that the hours expended are reasonable in light of the complex nature of the case and the favorable results obtained by Plaintiff's counsel.

### III. Conclusion.

Accordingly, Plaintiff's Motion for Review of the Clerk's Order Settling Costs for Attorneys' Fees (Doc. 178), is **granted**. Plaintiff is awarded additional attorney fees, in the amount of $13,853.67, incurred in preparing and submitting attorney fees and costs requests.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[2] Notably, the Court recognized the amount of time entailed by stating: "Plaintiff may submit additional requests for attorneys' fees going forward." (Doc. 177 at 12-13.)